UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
F I L E D
OCT 16 2012
CLERK, U.S. DISTRICT COURT
RICHMOND, VA
```

SUNTRUST MORTGAGE, INC.,          )
                                  )
        Plaintiff,                )
                                  )
v.                                )        Civil Action No. 3:12CV330-JRS
                                  )
NATIONWIDE EQUITIES               )
CORPORATION,                      )
                                  )
        Defendant.                )

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure (ECF No. 17.) Plaintiff seeks $218,735.95 in damages for losses suffered due to alleged misrepresentations regarding a home mortgage loan brokered by Defendant. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court, and argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons discussed below, Plaintiff's Motion for Summary Judgment is DENIED.

### I.    Background

On January 3, 2007, SunTrust Mortgage, Inc. ("SunTrust") and Nationwide Equities Corporation ("Nationwide") entered into an agreement ("Agreement") in which Nationwide agreed to originate, process, and broker home mortgage loans to SunTrust. Pursuant to the Agreement, Nationwide warranted that the loan application materials

were based on "genuine, complete and accurate" information and contained no fraudulent or misleading information (Pl.'s Mem. Supp. Mot. Summ. J. Ex.1, ¶ 9.5.)  On September 24, 2007, borrower Steve Stephane Lamour ("Lamour") entered into a Mortgage Loan Origination Agreement with Nationwide concerning real property located in Somerville, Massachusetts.  At issue here is a representation in Lamour's application materials in which he affirms that:

> The Property is/will be Borrower's(s') Primary Residence.  This means at least one of the Borrowers who executes the Note and Security Instrument will take title to and occupy the Property.  The Property is now occupied as Borrower's(s') principal residence or will be occupied as Borrower's(s') principal residence no later than sixty (60) days after this date or sixty (60) days after the Property shall first become ready for occupancy as a habitable dwelling, whichever is later.  Borrower(s) has no present intention that is contrary to this representation. (Pl.'s Reply Mem. Supp. Mot. Summ. J. Ex. 1.)

Pursuant to its Agreement with SunTrust, Nationwide applied to SunTrust to fund the purchase of Lamour's property.  The Lamour loan closed on October 30, 2007, and SunTrust asserts that it sold the loan to the Federal Home Loan Mortgage Corporation ("Freddie Mac").

SunTrust alleges that Freddie Mac notified SunTrust on February 11, 2010 that SunTrust was obligated to repurchase the loan based on Freddie Mac's "determination that Lamour misrepresented his intention to occupy the Lamour Property." (Pl.'s Mem. Supp. Mot. Summ. J. 3 ¶ 7.)  SunTrust claims that it repurchased the loan on April 21, 2010 for $323,255.60 pursuant to Freddie Mac's demand, and following a foreclosure sale conducted by SunTrust's substitute trustee on February 25, 2011, SunTrust purchased the property for $172,000.00.  SunTrust then sent three letters to Nationwide in

2011 asking Nationwide to repurchase the loan, but after Nationwide did not do so,

SunTrust alleges that it sold the property to a third party for $195,000.00. As a result,

SunTrust claims that is has suffered a loss totaling $218,735.95.

SunTrust filed the complaint in this Court[1] against Nationwide on May 1, 2012,

initially alleging a loss of $224,455.84 for breach of contract. SunTrust alleges that

Nationwide breached the Agreement by "originating, processing and brokering to

SunTrust a Loan that contained inaccurate, fraudulent and/or misleading information,"

namely, Lamour's intention to occupy the residence. (Compl. ¶ 22.) SunTrust contends

that Nationwide breached its warranty that the loan application materials were "genuine,

complete and accurate" and the warranty that there were no circumstances that would

render the loan "an unacceptable investment" or "adversely affect [its] value or

marketability." (Compl. ¶ 21.) SunTrust further claims that Nationwide breached

Sections 9 and 15 of the Agreement, which require Nationwide to indemnify SunTrust for

any claims and losses resulting from false, incomplete, misleading, or inaccurate

information or any misrepresentation made by or through Nationwide to SunTrust.

Nationwide submitted a timely Answer on July 7, 2012, and filed a Third-Party

Complaint against Lamour on July 20, 2012 arguing that to the extent that SunTrust

succeeds in its claim against Nationwide, it will be because Lamour breached the terms

of his contract with Nationwide. SunTrust filed the present Motion for Summary

Judgment on August 31, 2012. SunTrust argues that it is entitled to summary judgment

---

[1] Pursuant to the Mortgage Broker Agreement, the parties have agreed to submit to personal jurisdiction in the Commonwealth of Virginia and venue in this Court. (Compl. ¶ 4; see also Compl. Ex. 1.)

3

because Nationwide admitted all critical facts, except for damages, in its Answer and Third-Party Complaint, thus leaving no genuine issue of material fact.

Nationwide filed an Amended Third-Party Complaint on September 19, 2012, adding as defendants Nelson & Roach Title Company ("NRTC"), Nelson & Roach Law Offices ("N&R"), and John Nelson, Esquire ("Nelson"). Nationwide asserts in its Amended Third-Party Complaint, upon information and belief, that discovery will likely reveal that Lamour purchased three (3) other properties on the same date that the Lamour loan was closed, each of which was closed as an owner-occupied property. Accordingly, Nationwide asserts a claim for breach of contract against Lamour on the ground that if Nationwide did breach its Agreement with SunTrust, it will be because Lamour breached its Agreement with Nationwide by providing false information regarding the property's occupancy. Nationwide further alleges that that NRTC, N&R and/or Nelson provided legal, title, and settlement services to Lamour, and thus knew or should have known that Lamour was buying multiple properties, all as owner-occupied units. Therefore, Nationwide asserts claims against NRTC, N&R and Nelson for breach of contract, negligence, and breach of fiduciary duty.

Nationwide has responded in opposition to SunTrust's Motion, arguing that its Third-Party Complaint was not an admission of all of the material facts, but rather an allegation that Lamour is or may be liable to Nationwide in the event that Nationwide is found liable to SunTrust. Nationwide asserts that several material facts remain in dispute, namely whether Lamour actually *intended* to occupy the property, whether SunTrust was required to repurchase the Lamour loan, and whether the $195,000 sale

price of the property was commercially reasonable. Nationwide also asserts that summary judgment is not appropriate here, where a particular state of mind, specifically Lamour's intention to occupy the property, is a decisive element of a claim or defense. Pursuant to Federal Rule of Civil Procedure 56(d), Nationwide further argues that it cannot present all of the facts essential to justify its opposition to SunTrust's Motion without the opportunity to fully conduct discovery, particularly as to Lamour's intentions. Finally, Nationwide argues that summary judgment is not proper because SunTrust's Motion relies on hearsay evidence to establish that Lamour did not intend to occupy the property. SunTrust has responded to Nationwide's opposition to the Motion for Summary Judgment. Therefore, this matter is ripe for review.

## II.   Standard of Review

Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court must determine whether, viewing the record as a whole and in the light most favorable to the non-moving party, "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion" and "demonstrat[ing] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets this initial burden, however, "the nonmoving party must come

forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)) (emphasis in original). Where the record taken as a whole cannot lead a rational trier of fact to find for the nonmoving party, no genuine issue exists for trial and summary judgment is appropriate. *Matushita*, 475 U.S. at 587. However, summary judgment should not be granted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993).

### III.   Discussion

A party alleging breach of contract under Virginia law must establish that the defendant owed plaintiff a legally enforceable obligation, the defendant violated that obligation, and the plaintiff suffered injury or damage as a result of the defendant's breach. *See De Vera v. Bank of Am., N.A.*, No. 2:12-CV-17, 2012 U.S. Dist. LEXIS 87840, at *12 (E.D. Va. June 25, 2012); *Filak v. George*, 594 S.E. 2d 610, 614 (Va. 2004). SunTrust argues that it is entitled to summary judgment because Nationwide "has either admitted or itself alleged" all of the material facts necessary to establish the breach of contract claim, except as to the issue of damages "which are in the unique purview of SunTrust." (Pl.'s Mem. Supp. Mot. Summ. J. 5.) SunTrust has satisfied the first element of its breach of contract claim because the parties agree that they entered into a valid and enforceable Mortgage Broker Agreement. Nonetheless, viewing the evidence in the light most favorable to Nationwide as required, the Court finds that SunTrust has failed to satisfy its burden for the remaining elements of a breach of contract claim.

SunTrust fails to sufficiently establish the second element of a breach of contract claim, namely, that Nationwide breached its obligation by submitting to SunTrust a loan application containing a misrepresentation. SunTrust seeks to establish a breach by relying on two facts, both presented in SunTrust's Motion as undisputed. Firstly, SunTrust cites from the declaration of Tracey Hudson, Assistant Vice President and Recovery Team Lead for SunTrust, that "Freddie Mac demanded repurchase based on its determination that Lamour misrepresented his intention to occupy the Lamour Property." (Pl.'s Mem. Supp. Mot. Summ. J. 3 ¶ 7.) Nationwide argues that this statement is inadmissible hearsay, since both the source and the basis of the determination are unknown, and thus may not be considered in the summary judgment context. Notably, SunTrust does not allege that it has independently found that Lamour never actually occupied or intended to occupy the property as his primary residence. Instead, SunTrust counters that "this reference to Freddie Mac's determination is not hearsay because it was not offered for the truth of the conclusion; rather, the letter's contents provided notice to SunTrust that a breach of the representations and warranties in the parties' Agreement may have occurred." (Pl.'s Reply Mem. Supp. Mot. Summ. J. 4.) The Court accepts SunTrust's contention that this statement is not offered for the truth of the matter, but in turn, declines to consider Freddie Mac's alleged determination as substantive proof that Lamour's loan application materials misrepresented his intentions.

Secondly, SunTrust further bases its claim that Nationwide breached the Agreement on the pleadings contained in Nationwide's original Third-Party Complaint. Specifically, SunTrust concludes that "Nationwide Equities has since determined that

Lamour did, in fact, provide false information regarding the occupancy of the Lamour Property." (Pl.'s Mem. Supp. Mot. Summ. J. 3 ¶ 8.) In support of this assertion, SunTrust cites Paragraph 12 of the original Third-Party Complaint: "Lamour breached his Agreement with Nationwide by providing false information regarding the property's occupancy, and as a result, Nationwide has been damaged." (Third Party Compl. ¶ 12.) Nationwide removed this language from its Amended Third-Party Complaint and argues that SunTrust "misapprehends the purpose of third party practice" by "treat[ing] as undisputed facts certain allegations made in Nationwide's Third Party Complaint." (Def.'s Mem. Opp. 8.)

"When a pleading is amended . . . the superseded portion cease[s] to be a conclusive judicial admission; *but it still remains as a statement once seriously made . . . and as such it is competent evidence* of the facts stated, though controvertible, like any other extrajudicial admission made by a party or his agent." *Cananwill, Inc. v. Emar Group, Inc.*, Nos. 2:96CV00558, 2:96CV00560, 2:97CV00338, 1999 U.S. Dist. LEXIS 8222, at **31 (M.D. NC. Mar. 5, 1999) (emphasis in original) (quoting *Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter, Inc.*, 32 F.2d 195, 198 (2d Cir. 1929). Therefore, "[a] party . . . cannot advance one version of the facts in its pleadings, *conclude that its interests would be better served by a different version*, and amend its pleadings to incorporate that version." *Cananwill*, 1999 U.S. Dist. LEXIS 8222, at **32 (emphasis in original) (internal citations omitted). Accordingly, the Court will consider Paragraph 12 from Nationwide's original Third-Party Complaint as competent, but not conclusive, evidence that Lamour's application contained false information.

8

However, when Paragraph 12 is read in context with the entire original Third-Party Complaint, and along with the Amended Third-Party Complaint, the Court finds that Nationwide's pleadings do not constitute an admission that the Lamour loan application contained fraudulent information. While Paragraph 12 is not explicitly argued as hypothetical in the original Third-Party complaint, the Background section begins with Paragraph 5, in which Nationwide pleads: "SunTrust *alleges* Lamour made a false representation that he would occupy the property..." (Third Party Compl. ¶ 5) (emphasis added). In addition, Paragraph 12 is preceded by Paragraph 11, which can best be read as an explanation of the reasons for which SunTrust filed suit rather than as an acceptance of SunTrust's underlying allegation that Lamour committed fraud: "SunTrust has sued Nationwide for breach of its contract with SunTrust because Lamour falsely represented that the property was to be his primary residence." (Third Party Compl. ¶ 11.) Finally, Paragraph 14 describes Lamour's purported breach as a part of SunTrust's allegations rather than as an accepted fact: "SunTrust *has alleged* that there has been a breach of contract and as a result is seeking to recover against Nationwide. In the event that SunTrust is successful against Nationwide, it will be because Lamour has breached the terms of its contract with Nationwide." (Third Party Compl. ¶ 14) (emphasis added).

This reading of the original Third-Party Complaint is bolstered by the fact that Nationwide's Amended Third-Party Complaint more carefully describes Lamour's representations as allegedly fraudulent according to SunTrust. (*See* Am. Third Party Compl. ¶ 8.) Although Paragraph 12 of the initial Third-Party Complaint is entitled to some weight, the Court is not persuaded that Nationwide's inartfully pled claims for

9

indemnification from Lamour in the original Third-Party Complaint can properly be considered proof positive of Lamour's fraudulent representation such that SunTrust has sufficiently proved the breach element of its claim.

Because SunTrust relies entirely on Nationwide's "admission" in Paragraph 12 of the initial Third-Party Complaint to establish a breach of contract, the Court finds that SunTrust has not satisfied its burden for judgment as a matter of law. (*See* Pl.'s Reply Mem. Supp. Mot. Summ. J. 4) ("SunTrust satisfies its obligation to prove that Nationwide breached the Agreement through the use of Nationwide's own admission in paragraph 12 of its original Third-Party Complaint.") SunTrust further claims that Nationwide breached the Agreement "by failing to honor its obligation to repurchase the Lamour Loan" (Pl.'s Mem. Supp. Mot. Summ. J. 5), but because SunTrust has not sufficiently established that it was required to repurchase the loan from Freddie Mac due to misrepresentations by Lamour, this claim too must fail. Without satisfactory proof that Nationwide breached the Agreement, SunTrust has failed to establish the absence of any genuine issue of material fact in this matter.

### IV.   Conclusion

For these reasons, the Court DENIES Plaintiff's Motion for Summary Judgment. An appropriate Order shall issue.

/s/

Henry E. Hudson
United States District Judge

Dated: Oct 16, 2012
Richmond, Virginia

10